UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**VEERAMUTHU RAJARAVIVARMA,**
    **- Plaintiff,**

        **v.**                    **CIVIL NO. 3:09-CV-1550 (CFD)**

**BOARD OF TRUSTEES FOR THE
CONNECTICUT STATE UNIVERSITY
SYSTEM, CENTRAL CONNECTICUT
STATE UNIVERSITY, STATE OF
CONNECTICUT AND PRESIDENT
JACK MILLER,**
    **- Defendants.**

### RULING AND ORDER ON DEFENDANTS' MOTION TO COMPEL

On January 31, 2011, the defendants (hereinafter "CCSU") filed a motion to compel the plaintiff, Veeramuthu Rajaravivarma ("Rajaravivarma"), to respond to its first set of interrogatories and requests for production dated February 11, 2010. See ECF No. 33, Defs.' Mot. Compel 1. For the reasons set forth below, CCSU's motion to compel is **GRANTED in part** and **DENIED in part**.

## I. Introduction

On February 11, 2010, CCSU served its first set of interrogatories and requests for production on Rajaravivarma. Defs.' Mot. Compel 1. On April 19, 2010, Rajaravivarma submitted his responses and objections thereto. Id. On December 28, 2010, Rajaravivarma submitted his first supplemental responses and objections. Id. After Judge Droney granted the parties' joint motion to extend the discovery period to January 31, 2011, CCSU filed the instant motion to compel at 4:17 p.m. on that same day.

See ECF Nos. 29, 31, 33.

**II. Standard of Review**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. "Relevance" under Federal Rule of Civil Procedure 26(b)(1) has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). A party may object to a relevant discovery request, however, if it is "overly broad" or "unduly burdensome." See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 33.173[3]-[4] (3d ed. 2004). To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or

offering evidence revealing the nature of the burden." Id.; see also Hickman v. Taylor, 329 U.S. 495, 507 (1947)("the deposition-discovery rules are to be accorded a broad and liberal treatment").

**III. Interrogatories and Production Requests in Dispute**

   **A.   Interrogatory No. 3 and Request for Production No. 7**

CCSU asks Rajaravivarma to identify each expert witness he intends to call at trial and to produce a copy of each report they have prepared. Rajaravivarma indicates that he does not intend to call an expert witness at trial. Since Rajaravivarma has no information or materials to disclose with respect to expert witnesses, this component of CCSU's motion to compel is **DENIED.**

   **B.   Interrogatory No. 5 and Requests for Production Nos. 1-2**

CCSU asks Rajaravivarma to identify the name of each medical facility in which he was examined or received treatment, the dates of those examinations or treatments, and whether any health care providers rendered an opinion regarding the "nature and extent of the injuries, conditions and/or disabilities claimed" by him. CCSU also requests photocopies of all medical reports and records, as well as itemized statements of medical expenses, pertaining to Rajaravivarma's examinations or treatments. Finally, CCSU requests fully executed release authorizations so that it can obtain medical records from each of Rajaravivarma's health care providers.

CCSU maintains that "plaintiff has not provided any records" but that plaintiff has produced "a signed medical release and the

name of his primary physician." Defs.' Mot. Compel 3. CCSU further asserts that at his deposition, Rajaravivarma testified that he is unable to remember the name of the psychologist or psychiatrist he saw pursuant to his primary physician's recommendation. Id. Consequently, and to obtain a medical release that would permit the defendants to receive the plaintiff's medical records, CCSU asks Rajaravivarma to contact his primary physician to determine the name and address of the psychologist or psychiatrist.

In response, Rajaravivarma claims that he "has already provided the Defendants with all of the information requested, including the name of the therapist consulted by the Plaintiff and a release to obtain medical records directly from those providers." Pl.'s Mem. Opp'n 5. Rajaravivarma further asserts that CCSU is aware that all of his health care providers are affiliated with the University of Connecticut Health Center ("UConn") and that CCSU will be able to access all of his medical records through UConn's centralized medical records system. Finally, Rajaravivarma states that all of the information CCSU seeks will be contained in these comprehensive UConn records.

Upon objecting to the instant motion to compel, Rajaravivarma also provided the Court with photocopies of several e-mail exchanges between plaintiff's counsel and defendants' counsel. See ECF No. 37, Ex. D. Exhibit D shows that at 4:13 p.m. on January

4

31, 2011 -- only four minutes before CCSU filed the motion herein -- plaintiff's counsel e-mailed defendants' counsel to report that, according to his copy of the UConn medical records, the name of Rajaravivarma's psychiatric practitioner is Christopher Napolita. At 4:18 p.m. -- one minute after CCSU filed the motion herein -- defendants' counsel indicated that she had "sent out a release, but [had] not received anything back yet." At 4:42 p.m., plaintiff's counsel offered to "give [defendants' counsel] what I have from UCONN." Id. Three minutes later, defendants' counsel replied, "If you don't mind making me a copy that would be great. But I still hope to obtain something from the healthcare providers themselves to make sure that nothing is missing." Id.

It appears that Rajaravivarma has provided CCSU with the required release and has made photocopies of his UConn medical records available to defendants' counsel. Rajaravivarma has also disclosed the name of his psychiatric practitioner. Most of the e-mails between plaintiff's counsel and defendants' counsel reproduced in Exhibit D were exchanged immediately prior to and following CCSU's submission of the instant motion to compel. Since more than one month has passed since these e-mails were sent, and in the absence of any indications by CCSU to the contrary, the Court concludes that the defendants have been able to obtain and review all of the medical records that they requested. Accordingly, this component of CCSU's motion to compel is **DENIED.**

### C.  Requests for Production Nos. 10-11

CCSU seeks all documents relating to any financial losses Rajaravivarma sustained due to the allegations in his complaint, as well as all documents relating to Rajaravivarma's income from January 2000 through the present, including W-2 forms.  In the instant motion to compel, CCSU specifically requests the collective bargaining agreement ("CBA") governing Rajaravivarma's subsequent employment at SUNY-Farmingdale ("SUNY"), since it "should speak to his salary loss and any documentation to support his statement . . . that research and service project opportunities have been severely restricted . . . ."  See Defs.' Mot. Compel 4.  In addition, CCSU requests Rajaravivarma's 2006 W-2 "as that is the last full year plaintiff worked for CCSU . . . ."  Id.

In an e-mail from plaintiff's counsel to defendants' counsel dated January 31, 2011, at 4:13 p.m, plaintiff's counsel indicated that ". . . we are in the process of obtaining the SUNY Farmingdale CBA which has salary / rank info.  And W-2 for 2006 to follow." See ECF No. 37, Ex. D.  CCSU filed the instant motion to compel only four minutes later.  Subsequently, on February 24, 2011, Rajaravivarma indicated that he "has agreed to provide all of his W-2s since 2006 as well as the collective bargaining agreement governing faculty salary at his current place of employment, the SUNY-Farmingdale campus and has done so."  See Pl.'s Mem. Opp'n 5-6. Given the timing of this correspondence and memorandum, as well

6

as the absence of any reply brief from the defendants indicating otherwise, the Court accepts Rajaravivarma's contention that he has already provided the 2006 W-2 and CBA that CCSU requests. Consequently, this portion of CCSU's motion to compel is **DENIED**.

**D. Request for Production No. 14**

CCSU requests a "Right to Sue" letter from the Connecticut Commission on Human Rights and Opportunities ("CHRO") or the United States Equal Employment Opportunity Commission ("EEOC") pertaining to Rajaravivarma's lawsuit. CCSU asserts that Rajaravivarma has not yet disclosed this letter. See Defs.'s Mot. Compel 4. Rajaravivarma asserts that in April 2010, he provided CCSU with "all of the letters he received from both EEOC and CHRO." See Pl.'s Mem. Opp'n 6. Since it appears that Rajaravivarma has already complied with this request for production, this portion of CCSU's motion to compel is **DENIED**.

**E. Request for Production No. 20**

CCSU initially requested a full authorization to obtain Rajaravivarma's "complete personnel file and employment history from any employer for which [he has] worked from January 1, 1985 to present." In the instant motion to compel, CCSU amended this request, seeking "a signed employment release limited to post-CCSU separation employment at SUNY in Farmingdale . . . ." Defs.' Mot. Compel 5. CCSU argues that certain items related to Rajaravivarma's subsequent employment at SUNY -- such as his

7

personnel file, CBA, documents related to promotion and tenure opportunities, evaluations from administrators and peers, redacted evaluations from students, and redacted complaints from students –- are relevant to the following issues in the case:

1. Damages and mitigation of damages;
2. Rajaravivarma's knowledge of the subject matter he taught at CCSU;
3. Rajaravivarma's credibility when compared to his deposition or trial testimony; and
4. Rajaravivarma's emotional distress.

See Defs.' Mot. Compel 6. In response, Rajaravivarma asserts that "such information is completely irrelevant to the claims in this lawsuit and is completely inadmissible under the Federal Rules of Evidence." Pl.'s Mem. Opp'n 6.

Both Rajaravivarma and CCSU discuss the applicability and precedential value of the undersigned's decision in Chamberlain v. Farmington Savings Bank, No. 3:06-CV-1437(CFD), 2007 WL 2786421 (D. Conn. Sept. 25, 2007). Chamberlain involved the "after-acquired evidence defense," which provides that an employee's relief can be limited by evidence of wrongdoing discovered after his or her termination that would have provided a legitimate basis for such termination. See 2007 WL 2786421, at *2 (citing McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362 (1995)). The defendant sought information regarding the plaintiff's performance history, arguing that such evidence is relevant to its defense that it terminated the plaintiff because of his poor performance. Chamberlain, 2007 WL 2786421, at *3. Specifically, the defendant

argued that the plaintiff's employment records could reveal that plaintiff did not have the ability to perform similar duties in his former employment. Id. The Court rejected defendant's argument, however, ruling that "evidence of the plaintiff's performance history is neither relevant nor admissible for the purpose of showing that the plaintiff performed poorly in his position with the defendant." Id. More precisely, the Court held that Federal Rule of Evidence 404(a) prohibits the defendant from discovering evidence of the plaintiff's performance history in order to show that he has a propensity for certain performance deficiencies. Id.

Here, CCSU asserts that it is not trying to establish an "after-acquired evidence" defense. CCSU attempts to distinguish this case from Chamberlain by noting that the defendants in Chamberlain sought the plaintiff's *prior* employment records, whereas CCSU seeks Rajaravivarma's *subsequent* employment records. Defs.' Mot. Compel 6. Furthermore, CCSU argues that Federal Rule of Evidence 404, which prohibits character evidence offered for purposes of showing propensity, contains an exception for evidence of a person's "knowledge." Specifically, CCSU claims that "the sought after evaluations and complaints are likely to show that plaintiff continues not to have the knowledge or ability to transfer that knowledge to students at his present University and that is directly relevant to CCSU's legitimate non-discriminatory reason to deny him tenure." Id. at 8. Finally, CCSU argues that

9

Rajaravivarma's personnel records may be admissible under Federal Rule of Evidence 406 as evidence of his habit or routine behavior. Id.

Although CCSU claims that it is "not looking to make any such 'after-acquired' defense," it is doing precisely that. In the instant motion to compel, CCSU revealed its actual purpose in seeking this information:

> Evidence of subsequent teaching performance that reflects that the employee still does not possess the level of knowledge or teaching skill, would support the fact that he did not have the knowledge or skill at his prior place of employment, thus supporting the employer's legitimate, non-discriminatory reason to deny him tenure.

Defs.' Mot. Compel 7. In other words, CCSU is fishing for information to show that Rajaravivarma's deficient performance at SUNY would support a finding of Rajaravivarma's deficient performance at CCSU, thereby providing CCSU with a legitimate, non-discriminatory reason to deny him tenure. CCSU has provided no evidence of Rajaravivarma's deficient performance or any other wrongdoing at SUNY. Therefore, and in accordance with the undersigned's finding in Chamberlain, 2007 WL 2786421, at *3, CCSU may not use the after-acquired evidence defense to conduct extensive discovery into Rajaravivarma's past employment records on the basis of pure speculation. Production of these records would constitute an unwarranted intrusion.

Moreover, as Rajaravivarma correctly asserts, what CCSU seeks is precisely the sort of propensity evidence that Federal Rule of

Evidence 404(a) prohibits. See Pl.'s Mem. Opp'n 8. Character evidence is inadmissible under Rule 404(a) if it seeks to establish that an individual has acted in conformity therewith. Here, by CCSU's own words, the defendants are trying to obtain "[e]vidence of [Rajaravivarma's] subsequent teaching performance . . . [to] support the fact that he did not have the knowledge or skill at his prior place of employment." The defendants may not seek discovery to establish that Rajaravivarma's performance at CCSU was in conformity with his subsequent performance at SUNY.

Furthermore, as Rajaravivarma once again correctly points out, CCSU misstates the "knowledge" exception to the rule against character evidence. Under Federal Rule of Evidence 404(b), character evidence that establishes a person's knowledge is admissible when it is not offered for propensity purposes. An example of the proper use of this exception can be found in Zandi v. United States, 280 F. App'x 56 (2d Cir. 2008). In Zandi, the defendant denied knowing that pseudoephedrine is used to make methamphetamine. Id. at 58. The court admitted evidence of telephone calls proving the defendant had knowledge that pseudoephedrine is used to make methamphetamine. The prosecutor did not try to show that the defendant acted in conformity with any actions or character traits. Rather, he introduced evidence that established only the defendant's knowledge of a material fact.

Here, CCSU seeks to establish Rajaravivarma's *lack* of

11

knowledge, or lack of the ability to transfer knowledge to his students at SUNY, in order to show that he lacked the same knowledge or ability with respect to his CCSU students. This is an impermissible attempt to introduce propensity evidence. Furthermore, CCSU's argument that Rajaravivarma's employment records will lead to admissible habit evidence is unavailing. See Defs.' Mot. Compel 8 (citing First v. Kia, 2010 U.S. Dist. LEXIS 88496, at *8 (S.D. Cal. Aug. 17, 2010)). Federal Rule of Evidence 406 permits evidence of a person's habit. A "habit" is one's regular response to a repeated specific situation. FED. R. EVID. 406 advisory committee's note. A common-sense example of admissible habit evidence would be testimony that a person always holds the receiver with his right hand when speaking on the telephone. The Court does not see how Rajaravivarma's employment records at SUNY will lead to the discovery of any relevant habit evidence with respect to his teaching performance at SUNY or CCSU. Consequently, the personnel and employment records that CCSU seeks to obtain are inadmissible under both Rule 404 and Rule 406.

It is clear that CCSU may not obtain discovery regarding Rajaravivarma's personnel file, employment records, evaluations from peers or administrators, evaluations from students, and complaints from students. Consequently, this component of the defendants' motion to compel is **DENIED**. However, CCSU has also asserted that certain pieces of information may be relevant to the

issue of damages, mitigation of damages, and emotional distress. Specifically, CCSU seeks to obtain information regarding Rajaravivarma's hiring rank, salary, and opportunities of promotion and tenure as found in his personnel file, CBA, and documents related to promotion and tenure. Such information would be relevant to Rajaravivarma's claims and CCSU's defenses, would not be useful as propensity evidence, and would not provide CCSU with an after-acquired evidence defense. Rajaravivarma shall provide all such relevant financial documents to CCSU. Consequently, this component of CCSU's motion to compel is **GRANTED**.

**IV. Conclusion**

For the foregoing reasons, CCSU's motion to compel (dkt. #33) is **GRANTED in part** and **DENIED in part**. This is not a recommended ruling. This is a pretrial ruling and order that is reviewable under the "clearly erroneous" standard of review. See 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 6 (a), 72 (a); and Rule 72.2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(1) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 9th day of March, 2011.**

/s/ Thomas P. Smith
**Thomas P. Smith**
**United States Magistrate Judge**